(No. 36999.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT M. PITTMAN *et al.,* Plaintiffs in Error.

*Opinion filed May 27, 1963.*

WAYNE D. JOHNSON, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys

General, and EDWARD J. HLADIS and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Robert Pittman and Willmore Knight were tried for the crime of armed robbery in the criminal court of Cook County. A jury found them guilty and the court sentenced Pittman to the penitentiary for a term of 10 to 35 years and Knight for a term of 10 to 30 years. A writ of error has been issued to review the convictions.

About 3:50 in the morning of January 29, 1951, Eldridge Robertson was forced to drive his cab into an alley by two male passengers in the cab, where they robbed him of his money, a handkerchief and a cigar. After the men left the cab, Robertson found a police car. He and the police officers drove around and Robertson identified two men walking on the sidewalk as the men who had robbed him. As the police approached the men, later identified as Pittman and Knight, Pittman handed Knight a gun and he dropped it next to a building. An open knife and money were found on Pittman and miscellaneous change was found on Knight.

Defendants denied the robbery. Knight testified that he was at his sister's home at the time of the robbery and Pittman testified that he was looking for a Catherine McSweeney. Knight's sister testified that Knight was at her home from 3:30 until 4:00 A.M. Clyde Jefferson corroborated Knight's testimony as to his whereabouts before going to his sister's house.

It is first argued that the defendants were denied a fair trial because of prejudicial remarks made by the trial judge. During cross-examination of the complaining witness, defense counsel attempted to show an inconsistency in the testimony of the witness. The prosecutor objected and stated counsel was trying to deceive the jury as to what the testimony was. The court cautioned the defense

attorney and the attorney asked the court, "Is your Honor saying I am deceiving the jury?" The court replied in the negative.

In *People* v. *Lewerenz*, 24 Ill.2d 295, 301, we stated, "Jurors are quick to perceive any leaning of the court and place great reliance upon what he says and does, so that his statements and intimations are liable to have the force of evidence and be most damaging to an accused." We do not believe, however, that the trial judge's remarks showed any leaning or were prejudicial to defendants. After the court and both counsel had recessed for a conference off the record, defense counsel stated he was a little confused as to the prior testimony of the witness. He apparently was doubtful of whether the court was saying that he was deceiving the jury, for he asked the court that question. The judge's negative answer to the question removes ambiguity from the remark. This is the only remark complained of and no objection or motion for mistrial was made at the time.

Defendants then argue that the People improperly cross-examined the witness Jefferson. Jefferson testified that he was a minister and had been preaching continuously from 1951 until the present date. After a few questions he admitted that he did not preach between 1951 and 1956. The witness also stated that he did not see Knight in 1951, but he later admitted that he did see him in that year. Defendants now argue that the People were trying to show that the witness and Knight were arrested for a crime in 1951 and that Jefferson was incarcerated from 1951 until 1956. The record does not support the argument. Furthermore, this line of cross-examination was objected to on the ground that it was immaterial or beyond the scope of cross-examination, and the objection now raised is considered waived. *People* v. *Washington*, 23 Ill.2d 546; *People* v. *Brengettsy*, 25 Ill.2d 228.

It is next argued that the People failed to show that a

gun, handkerchief, money, bullets, and knife introduced in evidence were the same items taken from defendants when they were arrested. The complaining witness testified that the gun offered in evidence looked like the "silvery object" which one of the robbers pointed at him and one of the arresting officers identified the gun as the one he picked up at the time defendants were arrested. This was sufficient to connect the gun with the defendants and with the crime and to make it admissible in evidence. (*People* v. *Jones,* 22 Ill.2d 592; *People* v. *Ashley,* 18 Ill.2d 272.) Officer James Howard testified that the knife introduced in evidence was the knife taken from Pittman at the time of the arrest. He recognized it by its handle and label. His testimony was sufficient to show that the knife introduced in evidence was the one taken from Pittman. The complaining witness testified that the handkerchief introduced in evidence was taken from him by the robbers. It was therefore admissible. *People* v. *Robinson,* 308 Ill. 398; *People* v. *Foster,* 288 Ill. 371.

Officer James Howard testified that he took the money from the defendants at the time of the arrest and that he took the bullets from the gun at that time. He gave these articles to officer Arthur Howard. Arthur Howard testified that he inventoried the articles, put them in an envelope, sealed it and sent it to the custodian's office. On the day of the trial he obtained the articles from the custodian's office by giving the same inventory number and brought the articles to court. In the absence of any indication or suggestion of substitution, alteration or any other form of tampering, we are of the opinion that the protective techniques employed were sufficient to make admissible the money and the bullets. See *People* v. *Harper,* 26 Ill.2d 85; *People* v. *Norman,* 24 Ill.2d 403.

Defendant Pittman then argues that his sentence should be vacated because his attorney was not present when he was sentenced. The record shows that Pittman's attorney

was present and made a closing argument. The court then instructed the jury, the jury retired, returned with a verdict and was excused. Post-trial motions were denied and both defendants were sentenced. There is nothing to show that Pittman's attorney left the courtroom or was not present when sentence was imposed. It is reasonable to presume that the presence of Pittman's attorney during closing argument continued until Pittman was sentenced, in the absence of anything to the contrary.

Defendants finally argue that the evidence does not establish their guilt beyond a reasonable doubt. The gist of this argument is that the complaining witness's identification of the defendants is not worthy of belief. The record shows that Robertson had ample opportunity to observe the robbers, that he did observe them and that his identification of the defendants as the robbers was positive. The jury chose to believe Robertson's identification and not defendants' alibis. We have examined the record and see no reason for disturbing the jury's finding of guilty.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*