The People of the State of Illinois, Plaintiff-Appellee, v. Louis Ruiz, Defendant-Appellant.

Gen. No. 50,478.

First District, Fourth Division.

April 14, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn, James N. Gramenos and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward and John J. Stamos, State's Attorneys of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Two indictments were returned against the defendant, each containing two counts. Count I of the first indictment charged that Louis Ruiz, a person of 17 years and upwards, committed the offense of indecent liberties with a child, in that he performed an act of sexual intercourse with Barbara Parks, a child under the age of 16 years. The second count alleged that Ruiz committed the offense of rape in that he had sexual intercourse with Barbara Parks, not his wife, by force and against her will.

Count I of the second indictment charged that Ruiz committed the offense of aggravated battery in that he intentionally and knowingly, without legal justification, committed a battery on Dorothy Ruiz, which caused great bodily harm to her. Count II of the second indictment alleged that Ruiz committed the offense of attempt in that he, with intent to commit murder, attempted to kill Dorothy Ruiz without legal justification. The indictments were consolidated and a bench trial was held.

The court found him guilty and sentenced him to a term of 10 to 25 years on the rape charge, and 2 to 10 on the indecent liberties charge, both sentences to run con-

currently. He was found guilty and sentenced 5 to 10 years on the aggravated battery charge, and 5 to 10 years on the attempted murder charge. Both of these sentences were to run concurrently. The sentences under the first indictment and the second are to be consecutive, and the court ordered that the defendant will serve the rape and indecent liberties term first and then the aggravated battery and attempted murder sentence.

EVIDENCE: Dorothy Ruiz testified as follows: She had been married to the defendant for 14 months; she has six children, two of whom, Barbara and Brenda Parks, are daughters of her former husband, Frank Parks, now deceased. She testified that she and her present husband, Ruiz, had traveled in a number of states, accompanied by the two girls; that it had been a happy marriage and the defendant had never before beaten her; nor had he, prior to the instant occasion, ever shown any physical interest in either of the two girls. She continued her testimony as follows: On November 1, 1964, she worked on a farm with her husband until 6:00 p. m., after which time they went to her stepson's home in St. Anne, to pick up the two girls. She does not remember what happened after leaving St. Anne on November 1, 1964, until December 1, 1964, when she discovered she was in Cook County Hospital, where she underwent six brain operations.

Barbara Parks testified that she was 12 years old; that she was the daughter of Mrs. Dorothy Ruiz; that on November 1, 1964, at about 7:30 p. m., her mother and Ruiz picked her and her sister up at their brother's in St. Anne, after which they went to a farmhouse near Matteson, Illinois, and went to bed; that they all slept in the same bed, her mother on the outside and she, her sister and stepfather at the foot. She testified that while she was asleep her stepfather hit her in the mouth; that he then pushed her mother out of bed, picked her up by

186

the hair and beat her head against the floor four or five times, then dragged her to the living room and began beating her with a stick (People's Exhibit No. 1), hitting her over the head three or four times. She stated that her mother was unconscious during the beating.

Barbara further testified that Ruiz then said they were going to leave; that he dragged her mother outside and went to the car; that she and her sister dragged their mother back into the house and put her on a couch; that the defendant returned and began to beat her mother on the throat with his fist. She testified that the three of them then took her mother to the car and they drove away; that during the ride the defendant continued to hit Dorothy and also hit Barbara's head against the car window; that he then stopped the car at about 4:30 a. m., and told Brenda to get into the front, that they were all going to sleep. Barbara stated that she jumped out of the car and tried to get to the highway, but Ruiz stopped her and brought her back to the car; that Ruiz then took her into the back seat, continued to hit her, and she fought him; that he lifted up her dress, pulled down her underwear, hit her again, then had intercourse with her at least two times. She testified that at that time the police came, opened the door, and arrested Ruiz. Barbara stated that the first beating Ruiz inflicted on her mother was in Kankakee County, but that the last time he struck her and the time he had intercourse with Barbara occurred in Cook County.

Brenda Parks testified that she was 11 years old; that she was awakened at the farmhouse on November 1, 1964, when her stepfather knocked her mother out of bed and began beating her and dragged her into the living room; that later they put her mother into the car; they drove for a time, then stopped and her stepfather told her to get into the front seat; that she then fell asleep and had no knowledge of what occurred in the back of the car until the police arrived.

187

William Lembcke, a police officer from Matteson, Illinois, testified that on November 2, 1964, just before dawn, he was patrolling in his squad car when he noticed an automobile parked in a driveway about 150 feet from Route 30; that he pulled up behind the car to check it, thinking it was abandoned; that he turned his flashlight into the car and saw Ruiz in the back seat having intercourse with a young girl; that he then saw a woman on the front seat with her face covered with blood. He stated that he then drew his revolver, ordered the man out of the car, and told him he was under arrest, at which time the defendant told the officer that everything was all right; that the woman was his wife, and that he was just playing with the little girl.

Wilbur M. Ellis, chief of police of the Village of Matteson, testified that he went to the area of Glen Ridge Water Tower Road and Route 30, about 6:25 a. m., on November 2, 1964, where he was given a report by the arresting officer of what had happened. Ellis testified that he went to the farmhouse where the beating of Mrs. Ruiz began; that he saw blood in some of the rooms in the house and discovered a curtain rod broken in several pieces (this rod was marked as People's Exhibit No. 1). He testified that he could smell alcohol on the breath of Ruiz.

Dr. Edgar G. Wygant testified that he had examined Dorothy Ruiz at St. James Hospital, in Chicago Heights, at about 7:00 a. m. on November 2, 1964. He described her appearance as follows:

"She was in shock. There was laceration all over her forehead. That was bleeding. Both eyes were black and blue and swollen and there were multiple injuries over her entire skull, face, neck and shoulders, black and blue, swollen, and abraded condition, the chest wall was black and blue and swollen; the shoulders on both sides were black and blue and swollen and her

188

abdominal wall, particularly the left lateral side and the pelvis was black and blue. Both thighs were very badly abraded and contused, swollen and black and blue, and the peritoneal area was all swollen and black and blue and contused."

Dr. Wygant further testified that Mrs. Ruiz was in shock and unconscious; that she was in the hospital approximately 20 days; that because of apparent localized brain injury she was transferred to the neurosurgical section of Cook County Hospital, where she stayed for six weeks.

Dr. Wygant also testified that he had examined Barbara Parks on November 2; that she was disturbed, upset and frightened; that her mouth was swollen and puffed, and there was evidence of rape.

In his own behalf Louis Ruiz testified that he was 32 years old, was born in Mexico, and was an agricultural worker. He stated that about the middle of October he had a disagreement with his wife; that she had told him she went to Tennessee to visit her father, but later when he asked the girls where they had been they said they had gone to the Crescent Hotel in Minnesota with a man named Bruni; that he beat his wife because of this lie.

The defendant first contends that all of the indictments are defective in that the commission of the crimes is stated to have been in Cook County, and that under People v. Williams, 30 Ill2d 125, 196 NE2d 483, there should be a more specific location indicated in the indictment. In People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, People v. Williams is specifically overruled. Also see People v. Reed, 33 Ill2d 535, 213 NE2d 278; People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765.

The defendant argues that the court improperly imposed two sentences on the charges of rape and indecent liberties since both these crimes resulted from the same conduct, and that concurrent sentences may be imposed under the Criminal Code (Ill Rev Stats 1963, c 38, § 1–

7(m)) only when a person is convicted of two or more "offenses which did not result from the same conduct." In People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299, the defendant was found guilty of forcible rape and incest. The two offenses were charged in separate counts of a single indictment. The court fixed a penalty for each offense and provided that the two sentences should run concurrently. The two offenses of which the defendant was found guilty involved a single act—the defendant's forcible rape of his 10-year-old daughter. The Supreme Court pointed out that it was proper to join the two charges in a single indictment and to try them together. The court cited People v. Schlenger, 13 Ill2d 63, 147 NE2d 316, where the defendant had pleaded guilty to an indictment that charged armed robbery in the first count and grand larceny in the second. Both counts related to the same occurrence. The defendant was convicted and sentenced on both counts and the sentences were to run concurrently. In Schlenger the court reversed the judgment entered on the count for larceny. In Duszkewycz the court held that in accordance with the holding in the Schlenger case the judgment of the criminal court was affirmed on the count of the indictment charging rape, and its judgment on the count charging incest was reversed.

From the evidence in the case before us there is no question that the defendant was convicted beyond a reasonable doubt of both rape and indecent liberties. The judgment of the Circuit Court is affirmed on the first count of the indictment charging rape. Under the holding in Schlenger and Duszkewycz, the judgment of the Circuit Court finding the defendant guilty on the count of the indictment charging indecent liberties is reversed.

The first count of the second indictment charges that Ruiz committed the offense of aggravated battery upon Dorothy Ruiz, and the second count alleges that he committed the offense of attempted murder. The

190

evidence was that the first and most severe attack with a curtain rod, in which a savage beating was inflicted upon Dorothy Ruiz, occurred in Kankakee County. It is well established law that the charge that a crime was committed in a particular county is a material averment and must be proved to sustain a conviction. People v. Allen, 413 Ill 69, 107 NE2d 826. In the case before us, in the second count of the second indictment, the defendant was charged with committing the offense in Cook County. The State failed to prove venue as laid in the indictment; hence, the judgment of the trial court finding the defendant guilty of attempted murder must be reversed. The testimony in the record is that while Dorothy Ruiz, bleeding and unconscious from the effect of the first beating, was lying unconscious in the automobile in Cook County, the defendant again attacked her and beat her. The Criminal Code provides (Ill Rev Stats 1963, c 38, § 12–4(a)):

> "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 10 years."

This attack upon the helpless, injured woman would be an aggravated battery in Cook County, and the defendant was properly found guilty and sentenced.

The judgment of the Circuit Court finding the defendant guilty of indecent liberties is reversed; the judgment that the defendant is guilty of attempted murder is reversed. The judgment of the Circuit Court finding the defendant guilty of rape and sentencing him to 10 to 25 years in the penitentiary is affirmed. The judgment of the Circuit Court finding the defendant guilty of aggravated battery and sentencing him to 5 to 10 years in the penitentiary is affirmed. The further judgment of

■■■■■■■■■■

the Circuit Court that the two sentences shall run consecutively—the sentence for rape being served first—is affirmed.

■■ The defendant argues that the sentences are too severe. We do not feel this argument requires any further answer than a reading of the statement of facts in this opinion.

Reversed in part, affirmed in part.

ENGLISH, P. J. and DRUCKER, J., concur.