(No. 39423.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLMORE KNIGHT, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.

ALLAN G. SWEIG, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing a petition under the Post-Conviction Hearing Act.

In a jury trial, Willmore Knight, petitioner, and Robert M. Pittman were convicted of armed robbery and sentenced to the penitentiary for terms of 10 to 30 years and 10 to 35 years, respectively. Both appealed to this court and we affirmed their convictions. (*People* v. *Pittman,* 28 Ill.2d 100.) Petitioner then filed his post-conviction petition, *pro se,* alleging that the State knowingly permitted perjured testimony to go uncorrected in order to obtain the conviction. The State filed a motion to dismiss the petition, contending that it was insufficient in that it contained no more than bare allegations and conclusions of the petitioner and that the allegations concerned matters already *res judicata.* Petitioner was represented by court-appointed counsel at the hearing on the motion to dismiss, at which time the motion was granted and the petition dismissed.

On appeal, petitioner argues that his petition raised a real and substantial constitutional question, that *res judicata* should not be mechanically applied to a post-conviction petition to deny a hearing, that *res judicata* is no bar to a petition which raises constitutional issues not previously known or raised and adjudicated, and that an indigent's

petition should be liberally construed in his favor.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) provides in section 122—2 that a petition must be supported by "affidavits, records, or other evidence suporting the allegations or shall state why the same are not attached." Petitioner must make a substantial showing of a violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing. (*People* v. *Evans,* 37 Ill.2d 27; *People* v. *Ashley,* 34 Ill.2d 402; *People* v. *Reeves,* 412 Ill. 555.) In *Ashley* we said that petitioner should, in his petition or in accompanying affidavits, "identify with reasonable certainty the source from which the alleged evidence of perjury would be forthcoming, that it was available, and of what it would consist * * *." 34 Ill.2d 402, 411.

It is readily apparent that petitioner has failed to meet the requirements of the Act and cases decided thereunder. His petition merely alleged that perjured testimony was knowingly used to obtain a conviction. Reading the petition in the light most favorable to petitioner, we fail to find sufficient evidence to compel a post-conviction hearing. Moreover, the fact that his petition was filed *pro se* did not prejudice petitioner, because the State's motion to dismiss gave petitioner and his counsel adequate notice of the insufficiency of the petition, and no request was made for additional time to amend under section 122—5 of the Act.

The petition was properly dismissed and it is not necessary to consider the other questions raised.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.