(No. 41303.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
DONALD ARBUCKLE, Appellant.

*Opinion filed March 27, 1969.*

ANGUS S. MORE, JR., of Rockford, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford,

(FRED G. LEACH, Assistant Attorney General, and JOHN C. TOWER, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Donald Arbuckle, age 35, was indicted on January 14, 1958, for statutory rape, allegedly committed on December 9, 1957, on a nine-year-old girl. He pleaded not guilty to the charge, but during the trial he changed his plea to guilty and waived a jury trial. On February 21, 1958, after a hearing in mitigation and aggravation, at which defendant and a psychiatrist testified respecting defendant's life history, his probabilities for rehabilitation, and his prior convictions for indecent liberties with a minor in 1950 and for burglary in 1944, the circuit court of Winnebago County sentenced defendant to life imprisonment.

In July, 1959, defendant filed his petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1959, ch. 38, par. 826,) which the circuit court denied on September 17, 1959, and defendant has appealed to this court.

The issue before us is whether defendant's post-conviction petition presents a substantial showing of a denial of constitutional rights to entitle him to an evidentiary hearing under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, par. 122—1 et seq.

Defendant's petition alleges multitudinous violations of constitutional rights and asserts numerous propositions of law. It charges that the law enforcement officials held defendant incommunicado 33 days (another paragraph alleges 20 days) before he was brought to a magistrate for arraignment; that he was not allowed to telephone his family; that he was beaten; that he was questioned continuously; that he was denied counsel before arraignment and inadequately represented by counsel; that he was induced by his counsel

to change his plea to "guilty" on the representation that he would receive a light sentence; that the court lacked jurisdiction under a faulty indictment; that he was denied the right to a speedy trial, and was subjected to cruel and inhuman punishment.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—2) requires that a petition be supported by "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." The cases repeatedly state that an evidentiary hearing under the Act should be granted only if defendant's post-conviction petition makes a "substantial showing of a violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing." *People* v. *Knight,* 38 Ill.2d 373; *People* v. *Evans,* 37 Ill.2d 27, 30; *People* v. *Ashley,* 34 Ill.2d 402, 411.

A post-conviction hearing has been allowed even in the absence of supporting affidavits where petitioner's allegations were undisputed, and the petition stated why affidavits were not attached. *People* v. *Washington,* 38 Ill.2d 446, 449.

Here the petition was not only without supporting affidavits or excuse, but the record itself disputes the allegations in the petition. Defendant's letter, written from the Menard Prison to the police chief of Rockford on March 15, 1959, requesting "certified copies of the bench warrant and the information pertaining to the interrogating process and proceedings," manifested an effort to secure information. However, it could neither excuse nor account for the absence of any affidavits or the complete lack of specificity in the allegations of defendant's petition.

Defendant's allegations of being held incommunicado for 33 days could have been corroborated by affidavits from members of his family, since the record showed he lived with them. Defendant's allegations of beatings, prolonged questioning and other mistreatment by law enforcement officers in no way particularizes the time, place, or persons in-

volved. Moreover, in view of the vigorous defense conducted by defendant's counsel in this case, had such abusive conduct occurred, there would have been some reference to it by counsel in the record. Yet the record is devoid of any such corroborating facts.

The record shows, furthermore, that it was the overwhelming evidence against defendant, and not any mistreatment by law enforcement officials, which prompted him to change his plea from "not guilty" to "guilty." The arresting officers testified they found defendant in his locked car in the garage with the complaining witness, a nine-year-old girl, who had been reported missing. The girl testified to defendant's repeated acts of carnal knowledge of her and his acts of sexual perversion. She identified photographs taken by defendant during the course of such acts, which photographs were found in the dresser drawer in defendant's house.

Since defendant's request to change his plea to guilty came directly after the girl's testimony, and defendant had made no admissions or confessions, it is our judgment that this record shows beyond a reasonable doubt that his plea of guilty was the result of the evidence against him, and not the result of any deprivation of constitutional rights. Therefore, any alleged misconduct of the law enforcement officials, even if true—and there is nothing to support that supposition—would be deemed harmless error and would not require reversal. *People* v. *Smith,* 38 Ill.2d 13, 15; *Chapman* v. *California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.

The record clearly negates defendant's allegation of inadequate representation by counsel in violation of his constitutional rights, in view of counsel's motion to quash the indictment, his vigilant objections to the State's evidence, and his effective presentation of testimony and argument on defendant's behalf at the hearing in mitigation of the sentence.

Nor were defendant's constitutional rights in any way violated by the acceptance of his plea of guilty, since the court properly admonished defendant of the consequences of that plea. (*People* v. *Evans,* 37 Ill.2d 27, 32.) The court explained to defendant that he was entitled to a jury trial and to have the jury determine his guilt or innocence, but that if he pleaded guilty, he waived a jury trial, and the court would sentence him to the penitentiary for a term of not less than one year or for his natural life. Defendant was asked if he understood this, and defendant said he did. The court admonished further, "And understanding that you want to plead guilty?" Defendant again replied, "Yes."

Defendant argues further that his plea of guilty is invalid and deprived him of constitutional rights because it was made pursuant to a promise of a reduced sentence. That allegation is refuted by the record itself in statements made by the court, by defendant's counsel and by defendant's own admissions.

"COUNSEL: You understand you are not pleading guilty because there is any understanding with the court what the sentence may be?

DEFENDANT: That's right.

COURT: I can say here in your presence that whatever punishment the Court gives you will be determined from all the facts and circumstances in the case. The court does not now indicate or wish to have it understood that there is any agreement on any sentence, or the amount of sentence that will be given you in this case.

DEFENDANT: I understand."

The record then recites a further statement by defendant's counsel that defendant was pleading guilty by his own decision and with no understanding on the part of counsel what the sentence might be in the case. Defendant specifically stated that this was correct. His post-conviction petition takes a contrary position.

In support of the contention that there should be an evi-

dentiary hearing on this issue of whether the guilty plea was induced by a promise of a reduced sentence, defendant cites *People* v. *Sigafus*, 39 Ill.2d 68, 70, and *People* v. *Washington*, 38 Ill.2d 446, 450. In *Sigafus* we held petitioner was entitled to such a hearing because the alleged promise of a reduced sentence was based on assertions beyond the record, since "None of the three persons who allegedly formed the bargain pursuant to the claimed promise were called to testify * * *." In contrast, the record here includes statements in open court by all persons who could have formed such a bargain that no such promises were made. Those same factors distinguish the *Washington* case where the record was silent as to any promises for a reduced sentence, and defendant in sworn statements alleged two specific instances where his attorney told him and his sister that the judge and prosecutor agreed that the sentence would be 14 years.

Our review of defendant's other allegations of denial of constitutional rights indicates that they are equally devoid of merit and are contradicted by the record itself. In our view, defendant's post-conviction petition presents no substantial showing of any violation of constitutional rights, and is essentially a series of vague and varied conclusions, which in no way justify an evidentiary hearing under the Post-Conviction Hearing Act. The judgment of the circuit court dismissing defendant's petition is therefore affirmed.

*Judgment affirmed.*