(No. 41574.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES ISHMAN, Appellant.

*Opinion filed December 19, 1969.*

JOHN R. SPRAGUE, JR., of SPRAGUE, SPRAGUE & LECHIEN, of Belleville, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of St. Clair County which dismissed the post-conviction petition of the defendant, James Ishman. He was indicted by the grand jury of St. Clair County on November 9, 1966, for the burglary of a filling station in East St. Louis. At his arraignment he appeared with counsel and entered a plea of not guilty. Subsequently, at his request, the court appointed the public defender to represent him. When the case came on for trial, the defendant and his counsel asked leave to withdraw his prior plea and enter a plea of guilty. The court fully advised the defendant of his right to trial and of the maximum and minimum term of imprisonment to which he could be sentenced, and accepted the plea when the defendant adhered to it. The defendant's application for probation was denied after a hearing in which evidence was introduced of his prior criminal record, and he was sentenced to imprisonment for not less than 10 nor more than 20 years.

The only issues raised by the defendant on this appeal are that he was denied his right to counsel while in police custody following his arrest, and that he was not taken before a magistrate without unnecessary delay, in violation of section 109—1 of the Code of Criminal Procedure. Ill. Rev. Stat. 1967, ch. 38, par. 109—1.

The defendant's petition alleged that following his arrest, which took place at the scene of the burglary and during its occurrence, the police took him to the city jail, and that he was held there for five days, during which time he was questioned repeatedly. The petition alleged further that

he repeatedly requested the aid of counsel, that he was denied the right to get in touch with counsel, and that the police failed to advise him of his right to the effective assistance of counsel. On the fifth day he was removed to the county jail, and no complaint is made of any deprivation of his right to counsel thereafter. The State's response, in the nature of a motion to dismiss, did not controvert these allegations. It alleged, however, that no statement or confession was obtained from the defendant during his detention in the city jail or at any time prior to his plea of guilty. The defendant makes no claim to the contrary.

The alleged refusal of the police to permit the defendant to communicate with an attorney does not furnish a basis for setting aside his conviction. If his interrogation had resulted in a confession we may assume that under the circumstances alleged in his petition the use of that confession at a subsequent trial would be barred by *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. We may also assume that an anticipation that the confession might be used at a trial would vitiate a plea of guilty. But in the absence of any confession we are unable to see how the detention and interrogation of the defendant in any way prejudiced him with respect to the proceedings that resulted in his conviction. (*Cf. People* v. *Arbuckle,* 42 Ill.2d 177; *People* v. *Jones,* 38 Ill.2d 384.) The contention that the provisions of section 109—1 of the Code of Criminal Procedure were not complied with, advanced for the first time in this court, does not present a constitutional issue.

The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*