THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL A. HUMMERT, Defendant-Appellant.

(No. 53062;

First District—April 23, 1971.

Camillo F. Volini, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terence Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSE CHARGED*
Driving a vehicle while under the influence of intoxicating liquor. Ill. Rev. Stat. 1967, ch. 95½, par. 144(a).

*JUDGMENT*
After a bench trial, defendant was found guilty, he was fined $100, and his driver's license was revoked.

*CONTENTIONS RAISED ON APPEAL*
1. The trial court erred in basing its decision on defendant's post-trial motion on matters outside the record.

2. Defendant was not proven guilty beyond a reasonable doubt.

3. Defendant was denied his right to due process of law because he was required to give evidence against himself in the form of physical performance tests at the police station prior to his arrest.

4. Defendant was prejudiced by the introduction into evidence of statements made by him prior to his arrest.

5. The complaint upon which defendant was tried was defective in that it described the violation as "driving a vehicle while under the influence of intoxicating liquor or narcotic drugs," and was not amended to delete the words "or narcotic drugs" until after the end of the trial.

*OPINION*
Defendant was tried and found guilty on October 13, 1967. The guilty finding was based on the testimony of the arresting officer who stated that there was an odor of alcohol on defendant's breath when his car was stopped, and that he appeared unfit to drive, the effects of the alcohol being extreme. The officer also testified that defendant was wobbling, swaying and unsure of himself during various physical performance tests administered at the police station to which he had been taken. Defendant called three witnesses, two of whom had been with him for a period of two hours ending shortly prior to his being stopped by the police. They testified that defendant had drunk two or three beers during that time and did not appear intoxicated when he left their presence. Defendant denied wobbling or swaying during the performance

tests. Two of his witnesses also testified to his good reputation for truth and veracity.

Defendant filed a post-trial motion asking that the judgment be vacated, or, in the alternative, for arrest of judgment or a new trial. The first paragraph of that motion alleged that the trial judge may have been prejudiced because of his having learned, outside the evidence, that defendant had previously been arrested (though not convicted) on a similar charge. This motion was continued, with a stay of *mittimus*, until December 21, 1967.

The motion was argued and denied on December 21. The stipulated report of proceedings which is a part of the record under Supreme Court Rule 323(d) (Ill. Rev. Stat. 1967, ch. 110A, par. 323(d) ), shows that the trial judge, on that date, stated he "had done some independent checking and investigation into the character and background of the defendant," and, based on that inquiry, he was denying the motion. The court then extended the stay of *mittimus* until January 24, 1968. No order was entered on that later date, defendant having filed his notice of appeal on January 19, 1968.

In this court, the State moved to file an "additional record" under Supreme Court Rule 329, in which the trial judge indicated that he had, indeed, seen a police record of defendant's prior arrest on a similar charge, but only after, rather than before, entering the final order of December 21, 1967. We allowed the filing of the "additional record," but now consider that it may have been improvidently done. An examination of the record discloses that an allegation concerning the court's independent knowledge of defendant's prior arrest, had been included in defendant's post-trial motion filed more than a month prior to December 21. Thus, the earlier document unequivocally shows the "additional record" to have been incorrect, and that the judge, relying on his memory, must simply have been mistaken as to dates. Comparison of these two documents also strongly supports the correctness of the original stipulated report of proceedings. Additionally, the attorneys for both sides present at the hearing on December 21, 1967, reaffirmed by affidavit in support of defendant's reply brief the correctness of the original report of proceedings. It also appears that the "additional record" was approved without notice to defendant's attorney, or opportunity for him to be heard in the trial court in regard thereto.

The record shows, therefore, that, prior to ruling on defendant's post-trial motion, the court had before it information outside the record concerning a prior arrest of defendant, and had made an independent investigation of defendant's character and background. The law is well established that the court's consideration of such matters outside the

record constitutes prejudicial error. (*People v. Cooper*, 398 Ill. 468, 472-73; *People v. McGeoghegan*, 325 Ill. 337, 355; *People v. Wallenberg*, 24 Ill.2d 350, 353-54; *People v. Thunberg*, 412 Ill. 565, 567; *People v. Rivers*, 410 Ill. 410, 419.) For this reason, we find that defendant's motion for a new trial should have been allowed.

Concerning defendant's second contention, we are not reversing the judgment outright because the evidence, briefly summarized above, does, in our opinion, support the guilty finding. We also find no merit to defendant's third through fifth contentions.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

DRUCKER and LORENZ, JJ., concur.