(No. 43406.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL R. JACKSON, Appellant.

*Opinion filed September 30, 1971.*

MICHAEL R. JACKSON, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (THOMAS J. IMMEL, and FRED G. LEACH, Assistant Attorneys General, of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Michael R. Jackson, appeals from the judgment of the circuit court of Clinton County dismissing, without an evidentiary hearing, his petition filed under the provisions of the Post-Conviction Hearing Act. Ill.Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*

In a four-count information, petitioner was charged with four separate offenses of forgery. On August 11, 1967, he was arraigned, two counts of the information were dismissed, petitioner pleaded guilty to the two remaining counts and applied for probation. On August 25, 1967, his application for probation was denied and he was sentenced to not less than two nor more than five years in the penitentiary.

In his post-conviction petition filed *pro se* on September 3, 1969, petitioner alleges that he was deprived of his constitutional rights in that he was permitted to waive appointment of counsel, and permitted to waive his right to be proceeded against by indictment without adequate admonition with respect to, and without adequately understanding his rights; was permitted to waive jury trial and plead guilty to the offense charged without adequate admonition with respect to his rights and the effect of his plea; and because he had previously been committed to the State Mental Hospital at Alton, the court should have inquired as to his competency.

The trial court appointed counsel, the State's attorney moved to dismiss the petition, the motion to dismiss was allowed and this appeal followed.

It has been repeatedly held that a petition for a post-conviction hearing is insufficient unless it shows a substantial violation of constitutional rights. *(People v. Knight,, 38 Ill.2d 373; People v. Evans, 37 Ill.2d 27.)* Upon a motion to dismiss a post-conviction petition the trial court "may properly render its decision on the basis of 'what is contained in the pleading to which the motion

is directed, read \*\*\* in conjunction with the transcript of proceedings at the trial'." *People v. Slicker, 42 Ill.2d 307, 308.*

Petitioner contends that the court erroneously admonished him with respect to the sentence which could be imposed upon conviction, and sentenced him on two charges, although he pleaded guilty to only one. We have examined the transcript of the proceedings taken at the arraignment when petitioner pleaded guilty and of the proceedings upon denial of probation and sentence. It is true that the court incorrectly stated that the maximum term of imprisonment which could be imposed for forgery is 10 years, but the sentence imposed was substantially less than that.

It is also true that upon dismissal of two counts of the information the court erroneously stated "That leaves Count I," but the record shows beyond question that petitioner was admonished with respect to, and pleaded guilty to, two separate offenses committed on different dates. The record also shows that although petitioner pleaded guilty to two charges, only one sentence was imposed.

From our examination of the transcripts we conclude that petitioner's waivers of indictment and counsel were knowingly and understandingly made and his plea of guilty was entered with full knowledge and understanding of the nature of the charge and the effect of the plea, including the knowledge that the sentence might be greatly in excess of that which the court imposed.

We consider now petitioner's contention that the court should have conducted a competency hearing prior to accepting his plea of guilty. In *People v. Thomas, 43 Ill.2d 328, 332,* we held that "The duty of the trial judge to hold such a hearing arises when, either from the court's own observations or upon the suggestion of counsel, a *bona fide* doubt is raised as to defendant's mental capacity." On the basis of the transcripts there was no

reason for the trial court to hold such a hearing.

The petition fails to show any substantial violation of constitutional rights and the judgment of the circuit court of Clinton County is affirmed.

*Judgment affirmed.*