THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LOUIS RUIZ, Petitioner-Appellant.

(No. 59097;

First District (2nd Division)—October 22, 1974.

*Supplemental opinion upon denial of rehearing filed December 31, 1974.*

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM:

This is an appeal from the dismissal, without an evidentiary hearing, of an amended post-conviction petition. On February 24, 1965, petitioner pleaded guilty to the offense of aggravated battery, and, following a bench trial, was convicted of rape, indecent liberties, and attempt murder. On appeal to this court, the convictions for indecent liberties and attempt murder were reversed, which left standing the convictions for rape and aggravated battery, for which petitioner had been sentenced to consecutive terms of 10 to 25 years and 5 to 10 years, respectively. (*People v. Ruiz* (1967), 82 Ill.App.2d 184, 226 N.E.2d 438, *cert. denied* (1968), 392 U.S. 916.) Petitioner contends that the court should have granted an evidentiary hearing. The State contends that the amended petition failed to allege any violations of substantial constitutional rights and, therefore, was properly dismissed without an evidentiary hearing.

The petitioner alleged that his constitutional rights had been violated (1) when he pleaded guilty to aggravated battery, because the trial court failed to advise him (a) of his right to a jury trial, and (b) of the possible sentences that might be imposed; and (2) because the trial court did not obtain a knowing and voluntary waiver of the right to a jury trial on the remaining charges. Petitioner further claimed that his rape conviction deprived him of his constitutional right to trial by jury because he first came to the United States in 1963 and did not have either a sufficient command of the English language or an adequate understanding of the United States judicial system to waive his right to trial by jury. He alleged that the interpreter "did not speak good Spanish" and that in explaining trial by jury to him, she merely told him that "a jury was 12 people."

The report of proceedings on February 24, 1965, shows the following:
"THE CLERK: Louis Ruiz

MR. GRAMENOS (assistant public defender):

Your Honor, in the case of Louis Ruiz, Indictments 64-3717 and 3718, I have discussed these matters with Mr. Ruiz with the benefit of an interpreter and Mr. Ruiz wishes to enter a plea of guilty to the indictment charging aggravated battery; with respect to the charge of attempt with—intent to commit murder, not guilty. Mr. Ruiz further advises with Indictment 64-3717 charging rape and indecent liberties with a child, he enters a plea of not guilty.

The defendant further advises that he waives a jury trial and wishes to have a bench trial in this case.

MR. FLEISCHMAN (assistant State's attorney): The State would move to consolidate, consolidating the indictments and have them tried together.

MR. DI VITO (assistant State's attorney): The State answers ready for trial.

THE COURT: Motion to consolidate is allowed. Are you the interpreter?

MR. GRAMENOS (assistant public defender): Mrs. Abby Toribio who is associated with the Cardinal Committee for the Spanish Speaking People in Chicago.

THE COURT: Obligate the interpreter.

    (Thereupon, Mrs. Abby Toribio was sworn to interpret from the English language into the Spanish language, and thence from the Spanish language into the English language.)

THE COURT: All right. Will you inform Mr. Ruiz that under the law he is entitled to a jury trial if he so desires?

THE INTERPRETER: Your Honor, I didn't hear that.

THE COURT: You inform him that under the law he is entitled to a trial by jury if he so desires.

THE INTERPRETER: He wishes you to hear it.

THE COURT: Does he understand that?

THE INTERPRETER: Yes. He says—I explained to him and he would rather by you, he says.

THE COURT: In other words, he wants the Judge to hear the case without a jury?

THE INTERPRETER: Yes.

THE COURT: Tell him that he will be asked to sign a paper here which is his written authorization to proceed without a jury. Have him sign it then.

THE INTERPRETER: He says he can't sign it. I guess he is nervous.

THE COURT: Tell him to do the best he can.

MR. GRAMENOS: I will present the jury waiver to the court.

THE COURT: All right. For the record, the defendant waives trial by jury, as explained by the interpreter. Both sides ready?

MR. GRAMENOS: Ready.

MR. DI VITO: Ready, your Honor. At this time, we will ask permission to go out of order in the presentation of our witnesses. Dr. Wygant has an appointment at noon.

THE COURT: Miss, you can sit with him and can explain anything to him as they come up.

MR. DI VITO: We will call Dr. Wygant to the stand.

THE COURT: Let the record show that this witness is being called out of turn for the sole purpose of expediting his departure from court on other business."

■■ The State first argues that the petitioner's allegations, because not raised in his direct appeal, should be deemed waived. However, the waiver rule may be relaxed when fundamental fairness so dictates, and there is authority for the proposition that when a petitioner is represented both at trial and on the original appeal by attorneys from the same office (here, the office of the public defender of Cook County), it is "not inappropriate" to consider allegations not raised on direct appeal. *People v. Holmes* (1974), 17 Ill.App.3d 102, 104, 307 N.E.2d 776, *following People v. McNeil* (1972), 53 Ill.2d 187, 290 N.E.2d 602.

■■ Insofar as the petition claimed that the trial court did not sufficiently admonish him with regard to his right to trial by jury when he pleaded guilty to aggravated battery, the petition did not allege a substantial violation of a constitutional right, since the court upon a plea of guilty was not required as a matter of constitutional right to advise the defendant of his right to jury trial until the decision of the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, on June 2, 1969. *Boykin v. Alabama* was held not to have a retroactive effect in *People v. Williams* (1970), 44 Ill.2d 334, 343, 255 N.E.2d 385, *cert. denied* (1970), 399 U.S. 914.

However, petitioner's contention that he was not advised concerning the possible sentences he might receive if his plea to aggravated battery were accepted does raise a substantial constitutional issue. (*People v. Mackey* (1965), 33 Ill.2d 436, 437, 211 N.E.2d 706; *People v. Weakley* (1970), 45 Ill.2d 549, 259 N.E.2d 802.) Therefore, as to that allegation, the amended petition should not have been dismissed.

■■ Defendant also claims that he did not waive his right to jury

trial on the charge of rape because the interpreter did not speak good Spanish and inadequately explained to him what a jury is. In general, an accused is presumed to speak through his counsel and when, without objection, counsel expressly advises the court that a jury is waived, this is sufficient. (*People v. Sailor* (1969), 43 Ill.2d 256, 260-261, 253 N.E.2d 397.) However, whether a jury waiver has been understandingly made rests on the peculiar facts of each case, so that when a defendant does not manifest an understanding of the nature of a jury trial, further inquiry should be made, as the court held in *People v. Bell* (1968), 104 Ill.App.2d 479, 481, 244 N.E.2d 321, where defendant's only response when questioned about waiving a jury was "A what?" When the record reflects that the responses of the accused are "unhesitating, direct and unequivocal," a waiver will be upheld although the accused is an alien. (*People v. Sadeghzaden* (1970), 124 Ill.App.2d 375, 381-382, 260 N.E. 2d 447.) However, whether there had been a knowing and intelligent jury waiver is a question of fact to be decided in the light of the peculiar facts of each case. *People v. Ponjavich* (1973), 10 Ill.App.3d 649, 295 N.E.2d 16.

■■ The record of the proceedings, set out above, does not show that the defendant made any statements on his own. The record shows no colloquy between defendant and the interpreter. The court indicated that the defendant waived trial by jury "as explained by the interpreter." The defendant could not sign the jury waiver and was "nervous." The record, therefore, is equivocal on the factual issues raised by the petitioner. Despite the absence of an affidavit from the interpreter and the defense attorney to support petitioner's allegations as to the interpreter's inadequacies, the petitioner's allegations, as supported by the attached transcript of proceedings, did raise a substantial constitutional question. Accordingly, the order dismissing the post-conviction petition without an evidentiary hearing is reversed and the case is remanded for an evidentiary hearing concerning petitioner's allegations.

Reversed and remanded.

## SUPPLEMENTAL OPINION ON DENIAL OF PETITION FOR REHEARING

PER CURIAM:

■■ The State has petitioned for rehearing, contending that neither of petitioner's allegations raised a substantial constitutional issue sufficient to require an evidentiary hearing. First, concerning petitioner's contention that the court failed to advise him concerning the possible sentences he might receive if his plea of guilty to aggravated battery were accepted,

we now agree that this allegation did not raise a substantial constitutional issue. As in the recent case of *People v. Krantz* (1974), 58 Ill.2d 187, 194, 317 N.E.2d 559, the petitioner here has made no claim that he was unaware of the possible punishment to which his conduct had exposed him or that he was otherwise prejudiced; any error would therefore be harmless.

The petition for rehearing also contends that the petitioner's allegation that he did not knowingly and intelligently waive his right to trial by jury likewise did not raise a substantial constitutional issue sufficient to require an evidentiary hearing. The State argues, citing *People v. Arbuckle* (1969), 42 Ill.2d 177, 246 N.E.2d 240, that the petitioner has not met his burden of providing or explaining the absence of supporting affidavits and, consequently, that the post-conviction petition was properly dismissed without an evidentiary hearing. Concerning the facts, the State contends that the appellate court opinion (82 Ill.App.2d 184, 189) indicates Ruiz was "quite able to take the stand in his own behalf at trial and present his side of the case," and that the interpreter was a person brought to court by the defendant himself and "represented to be qualified by defendant and his counsel." We disagree with the State's reading of the original appellate court opinion, and we find that the record before us, which does not contain the original trial transcript, does not contain any support for these factual assertions. In *People v. Arbuckle, supra,* the petition not only lacked supporting affidavits, but the record itself contradicted the allegations of the petition. Such is not the case here. These factual questions are best resolved at an evidentiary hearing. In light of the serious constitutional question raised by petitioner's allegations, we adhere to our original opinion that fundamental fairness requires remandment of this cause for an evidentiary hearing. We do this even though petitioner's appellate counsel, who was also counsel at the trial, failed to raise the issue on the direct appeal.

The requested rehearing is denied.

Denied.