(No. 39714.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROOSEVELT EVANS, Appellant.

*Opinion filed March 29, 1967.*

WARD, J., took no part.

CHARLES E. SHEPHERD, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, SAUL A. PERDOMO, and CARL M. WALSH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Two indictments were returned against defendant, Roosevelt Evans, the first charging him with attempted murder and the second with attempted murder and armed robbery, both indictments arising out of the same occurrence. After conviction on pleas of guilty to both indictments, he filed a *pro se* post-conviction petition to which the

State filed a motion to dismiss. He brings this appeal from the court's order sustaining the dismissal.

Defendant, in his petition, alleged that his constitutional rights had been substantially denied him in the following manner: (a) that the trial court erred in denying his motion for change of venue; (b) that the Cook County jail officials wrongfully took documents from him which were vital to his defense; (c) that the public defender who was appointed to represent him at trial was incompetent; (d) that his plea of guilty resulted from coercion; (e) that the trial judge failed to properly admonish him of the consequences of his plea; (f) that the trial court wrongfully sentenced him in excess of the maximum penalty prescribed for the crime to which he pleaded guilty.

Defendant's petition also contained voluminous allegations of the facts and circumstances in his case, upon which he grounded these charges, supported by his affidavit that the same were true in substance and in fact. The State moved to dismiss the petition on the grounds that it failed to raise any constitutional questions within the purview of the act; that the defendant's allegations were conclusionary and unsupported by accompanying affidavits, records or other evidence, and that, in any event, defendant's voluntary plea of guilty operated as a waiver of the constitutional rights which he claims were violated. The motion to dismiss also contained as exhibit No. 1 the "memorandum of orders, the Transcript of the change of plea of indictment No. 62-957 and People's Exhibit 2, the memorandum of orders and the change of plea pertaining to Indictment No. 62-958, and People's Exhibit 3 a signed statement amounting to a confession bearing the signature of the petitioner-defendant and as People's Exhibit No. 4, a copy of the official records of the Public Defender's office," and alleged that "all of which documents establishes affirmatively that petitioner's constitutional rights were not denied."

Defendant was represented by the public defender at

the hearing on the motion to dismiss. On appeal defendant contends that his petition was sufficient and the State should have been required to answer it; and that his counsel at the post-conviction hearing on the motion to dismiss was incompetent.

It is clear that petitioners under the Post-Conviction Hearing Act, (Ill. Rev. Stat. 1965, chap. 38, art. 122,) must "make a substantial showing of a violation of constitutional rights" and that "the allegation of a mere conclusion to that effect under oath will not suffice." (*People v. Reeves*, 412 Ill. 555.) In order to make a "substantial showing" the allegations in the petition must be supported by the records in the case, or by accompanying affidavits, unless the absence of same is sufficiently explained. Section 122—2 of the Post-Conviction Hearing Act.

Herein, we think that defendant's allegations that documents essential to his defense were taken from him by jail officials, and that his plea of guilty was coerced from him, do not meet the above standard since there is no evidence in the record nor accompanying affidavits to support these charges. Therefore, we find that these allegations were properly dismissed by the trial judge.

So also, we find that defendant's allegation that the trial court erred in denying his motion for change of venue was properly dismissed. While, as defendant in his brief argues, a person may have a right under statute (Ill. Rev. Stat. 1965, chap. 38, par. 114—5) to a substitution of judges upon mere allegation of bias on the part of the judge, the denial of this statutory right is not necessarily a violation of constitutional dimension. To establish a constitutional violation within the purview of the Post-Conviction Hearing Act defendant would have to allege facts which, if true, would show that he was substantially prejudiced by the denial of his motion for substitution of judges. In other words, defendant must allege facts which demonstrate that the judge he seeks to have removed is actually prejudiced

against him, and that the judge's bias operated to deny him of his right to a fair trial. Hence, defendant's allegation herein, alleging only that the trial court erred in denying his motion for change of venue, contains insufficient facts to raise a constitutional question within the purview of the Post-Conviction Hearing Act. *People* v. *Reeves,* 412 Ill. 555.

However, we find that defendant's other allegations do make such a "substantial showing" of constitutional violations as to require an answer from the State and an evidentiary hearing on any factual issues created by that answer. In this regard we note that defendant's allegations that the trial judge improperly admonished him of the consequences of his plea of guilty, that he received a sentence in excess of the maximum penalty proscribed by statute, and that his trial counsel was incompetent, are all interrelated. If defendant received a sentence of a term of years which was in excess of the statutory limits set for the crime or crimes for which he was indicted and to which he pleaded guilty, it follows that his counsel was remiss in not objecting to the sentence, and the trial judge was in error in admonishing him that he could receive a life sentence.

The record discloses that defendant was indicted separately for the crimes of attempted murder, No. 62-957, and attempted murder and armed robbery, No. 62-958, and was sentenced respectively to 10 to 15 years, and 20 to 23 years, the sentences to run concurrently. However, it is unclear from the record on which count of the latter indictment, No. 62-958, the defendant received the 20 to 23 year sentence. If this sentence were for the attempted murder count, it would be improper, since the statutory maximum for that crime is 20 years. (Ill. Rev. Stat. 1965, chap. 38, par. 8—4(c). The confusion as to the propriety of this sentence is further compounded by the failure of the conviction order to recite a conviction for armed robbery even though the record indicates that defendant pleaded guilty

to both indictments and the counts therein. We think that this confusion lends substantially to defendant's foregoing interrelated allegations, and the State should answer these charges to enable the trial court to resolve this uncertainty and, in the process, pass on the merits of these allegations.

Furthermore, while we agree with the State's recitation of the law that a voluntary plea of guilty operates as a waiver of all defects and errors not jurisdictional, (*People v. Scott,* 29 Ill.2d 429,) we do not think that this is an appropriate ground for dismissal of the petition herein. For if, as defendant alleges in his petition, the admonishment by the trial court was improper, the law of waiver would be inapplicable since defendant could not have "knowingly" and "intelligently" waived his constitutional rights.

We find it unnecessary to pass on defendant's contention with respect to the incompetency of his counsel at the post-conviction hearing on the motion to dismiss. The dismissal order is reversed and the cause remanded for proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.