(No. 39626.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD F. BALLHEIMER, JR., Plaintiff in Error.

*Opinion filed March 29, 1967.*

RICHARD F. BALLHEIMER, *pro se* for plaintiff in error.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant on this writ of error challenges the adequacy of the admonitions given him by the trial court of Franklin County before it accepted his pleas of guilty to the criminal charges concerned.

A constitutional question is involved in this cause, and the defendant, Richard F. Ballheimer, Jr., appears *pro se.*

The defendant was indicted for forgery of a check in the amount of $40 and on November 20, 1962, through his attorney, the defendant moved that the not-guilty plea which theretofore had been entered be withdrawn and a plea of guilty substituted. The court advised the defendant of his right to a trial by jury and of the People's burden of proof. The court then stated that if the defendant were found guilty that "the court would have to sentence you in accordance with the statute." The defendant affirmed that he wished to plead guilty and the court accepted the plea and placed the defendant on probation for a period of two years. One of the terms of probation was that the defendant serve the first six months of such probationary period in the county jail.

In January, 1963, the defendant escaped from the custody of the sheriff and committed a theft of $263.

He was taken into custody and later waived indictment, and the State's attorney filed a criminal information charging him with theft.

On January 29, 1963, the defendant, on arraignment, stated that he wished to enter a plea of guilty to the information. The trial court again advised defendant of his right to a trial by jury and the People's burden of proof and informed him that if the People proved his guilt he "would be sentenced according to the law." The defendant persisted in his plea of guilty and the trial court accepted the plea and sentenced him to a minimum term of three years and a maximum term of six years. The court further held that the judgment of conviction for the second offense operated to revoke the probation granted on the earlier conviction for forgery. The court entered a revocation order and sentenced the defendant for the same term he had imposed on the plea of guilty to the charge of theft and ordered that the sentences were to run concurrently.

The statements that "the court would have to sentence you in accordance with the statute" and that the defendant "would be sentenced according to the law" were the only expressions by the court on the question of the possible consequences of the defendant's pleas of guilty.

The defendant argues that the admonitions by the trial court were insufficient and that the defendant should have been advised explicitly of the possible punishments he might receive by his pleas of guilty.

The expressions by the trial court were inadequate. The decision to plead guilty to a criminal accusation is a grave personal judgment and an accused should not be allowed to enter such a plea unless the defendant has a full comprehension of the possible consequences of so pleading.

Our statute governing at the time of the pleas concerned provided: "In cases where the party pleads 'guilty' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea * * *." (Ill. Rev. Stat. 1961, chap. 38, par. 732.) Rule 26(3) (now Rule 401(b)) of this court then provided that the trial court could not accept a plea of guilty unless it found that the accused understood the consequences of such a plea and comprehended "the punishment * * * fixed by law." Ill. Rev. Stat. 1961, chap. 110, par 101.26.

Illustrating the continuing concern of our legislature on this question we point out that the present pertinent statute (Ill. Rev. Stat. 1965, chap. 38, par. 115—2(a)(2)) provides that a plea of guilty may be accepted only when "the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

This court has consistently held that the record must disclose that the consequences of a plea of guilty have been fully explained to an accused before we will permit such a plea to stand.

We said, in reversing the judgment and remanding, following an insufficient admonition by the trial court in *People* v. *Washington,* 5 Ill.2d 58, 60: "Throughout the history of the administration of criminal justice in this jurisdiction, it has been a strict requirement of our law that in each conviction of a crime upon a plea of guilty, the record must show that before the entry of the plea the court fully explained its consequences to the defendant and that the explanation was understandingly received." We said at page 62: "Similarly, defendant was never informed of the punishment fixed by law for the crime charged nor was he apprised of the limits of the punishment he might receive as a result of his plea, an omission which has long been held to constitute error. (*Krolage* v. *People,* 224 Ill. 456; *People* v. *Moore,* 342 Ill. 316.)" See also, *People* v. *Mackey,* 33 Ill.2d 436.

The circuit court is directed to vacate the order which revoked the defendant's probation, and the judgments of the court on the defendant's pleas of guilty are reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*