**People of the State of Illinois, Plaintiff-Appellee, v. Jack Howard, Junior, Defendant-Appellant.**

**Gen. No. 53,721.**

First District, Fourth Division.

September 17, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED
Robbery. Ill Rev Stats (1965), c 38, § 18–1.

JUDGMENT
On a plea of guilty, defendant was sentenced to a term of 3 to 10 years, concurrent with his sentence under a separate indictment for deviate sexual assault.

PROCEEDINGS ON APPEAL
On May 7, 1969, the attorney appointed by the trial court to represent defendant on appeal, filed a petition for leave to withdraw from the case on the ground that he was unable to find any legal points which were arguable on their merits. He also filed a brief, covering possible issues, in compliance with Anders v. California, 386 US 738. Copies of the petition and brief were served by mail upon defendant in the penitentiary on April 29, 1969, and on May 12 he was notified that he might have until July 11, 1969, to file any points he might choose in support of his appeal. Defendant has filed nothing additional.

Counsel's brief covers the possible point that the trial court "did not fully admonish the defendant as to the significance and consequences of his change of plea from not guilty to guilty."

467

## THE RECORD IN THE TRIAL COURT

Shortly after indictment, defendant was released on bail. He was therefore in a position to participate freely in the preparation of his defense by his privately retained attorney, and it appears that he did so.

On August 14, 1967, while the case was awaiting trial, defendant's counsel presented a petition requesting the court to conduct a hearing to determine defendant's competency to stand trial. The court then proceeded with such a hearing and a jury was impanelled for the purpose. Testimony and arguments of counsel were heard, and the jury returned a verdict finding defendant competent, upon which verdict judgment was entered.

Defendant was rearraigned and entered a plea of not guilty. He was then furnished with the names and addresses of the State's witnesses.

After repeated continuances, the case came up for trial on March 14, 1968, at which time the following colloquy took place:

DEFENSE ATTORNEY: "If your Honor please, this is the defendant Jack Howard, Junior, who is charged with the offense of robbery in Indictment No. 67–715. Judge, at this time Jack Howard, Jr. after having had a conference with me advises me that he wishes to withdraw his plea of not guilty to Indictment No. 67–715 and to enter a plea of guilty. I have advised him of the consequences of his plea, your Honor."

THE COURT: "Mr. Howard, you have heard Mr. Blair advise me that at this time you are changing your plea of not guilty on this indictment, Indictment No. 67–715, to one of guilty. Is that correct, sir?"

DEFENDANT: "Yes."

THE COURT: "Do you know that when you plead guilty you automatically waive your right to a trial?"

DEFENDANT: "Yes."

THE COURT: "Either by me or twelve people in that box. Do you know that, sir?"

DEFENDANT: "Yes."

THE COURT: "And knowing that do you still persist in your guilty plea?"

DEFENDANT: "Yes."

THE COURT: "Before accepting your plea it is my duty to advise you that on your plea of guilty to this indictment charging you with robbery you may be sentenced to the penitentiary for any term of years not less than one and not more than twenty years. Do you understand that, sir?"

DEFENDANT: "Yes."

THE COURT: "And knowing that do you still persist in your guilty plea?"

DEFENDANT: "Yes."

Thereupon, the court found defendant guilty and entered judgment. At a hearing in mitigation and aggravation, the facts of the robbery were stipulated, including the fact that while defendant was dragging the woman victim into a gangway with his hand over her mouth, he told her to shut up or he would kill her. In mitigation, it was pointed out that defendant was 18 years old. Sentence was then imposed.

To the point raised in defense counsel's brief, the following are pertinent:

The Code of Criminal Procedure, section 115–2 (Ill Rev Stats (1967), c 38, § 115–2):

Pleas of Guilty. (a) Before or during trial a plea of guilty may be accepted when:

(1) The defendant enters a plea of guilty in open court;

(2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea.

Supreme Court Rule 401(b) (36 Ill2d 167; Ill Rev Stats (1967), c 110A, § 401(b)):

(b) Procedure on Plea or Waiver. The court shall not permit a plea of guilty or waiver of indictment or of counsel by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused understands . . . the nature of the charge against him, and the consequences thereof if found guilty, . . . . The inquiries of the court, and the answers of the accused to determine whether he . . . comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. . . .

A number of cases have considered these requirements. See People v. Mims, 42 Ill2d 441, 248 NE2d 92 (citing McCarthy v. United States, 89 S Ct 1166) ; People v. Ballheimer, 37 Ill2d 24, 224 NE2d 811 ; People v. Kontopoulos, 26 Ill2d 388, 390, 186 NE2d 312 ; and People v. Doyle, 20 Ill2d 163, 169 NE2d 250.

In the Mims opinion, the court expressed our feeling about the instant case when it said:

After advising the defendant that a change of plea would waive a jury trial, and describing the range of potential sentences, the trial judge asked: "Do you persist in your plea of guilty?" Nothing before us suggests that the defendant's affirmative response to this question was unintended or in any way equivocal.

We conclude that there was a full compliance, on the part of the court, with the necessary questioning of this defendant as called for by the statute, the rule and

the cases. The point raised is not arguable on its merits within the mandate of Anders, supra.

 In addition to considering the brief filed, we have made "a full examination of all the proceedings" as required by Anders. A point frequently raised in this court—that the punishment is excessive—is unavailable to this defendant, in our opinion. People v. Taylor, 33 Ill 2d 417, 424, 211 NE2d 673.

We find, therefore, that there are no legal points "arguable on their merits," and that the appeal is "wholly frivolous." See Anders, supra.

Defendant's attorney is given leave to withdraw, and the judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and LEIGHTON, J., concur.