(No. 42576.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* VERNON R. WEAKLEY, Appellant.

*Opinion filed June 29, 1970.*

UNDERWOOD, C.J., dissenting.

DONALD B. MACKAY, Public Defender, of Bloomington, for appellant.

PAUL R. WELCH, State's Attorney, of Bloomington, (DAVID L. COOGAN, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Burt delivered the opinion of the court:

The defendant, Vernon R. Weakley, was indicted for the crime of burglary in McLean County and was arraigned in open court on May 9, 1966, at which time he was furnished with a copy of the indictment. The court explained to him the nature of the indictment and inquired of the defendant as to his age. The defendant stated that he was 17 years of age and that he had counsel of his own choosing who was not present in court and that he desired to enter a plea of not guilty. Bond was fixed at the sum of $2,000 and upon his failing to enter bond in that amount he was remanded to the McLean County jail pending trial.

On June 3, 1966, the defendant appeared in person in open court with different counsel, namely the assistant public defender of McLean County, and moved to withdraw his plea of not guilty which he had previously entered. The motion was allowed and, after the court had advised him of his right to a trial by jury, the defendant entered a plea of guilty to the charges of the indictment, which plea was accepted by the court. A petition for probation was filed which was referred to the probation officer for investigation and report, and the defendant was remanded to the county jail pending the report of the probation officer.

On June 13 the defendant again appeared in open court with his then counsel, the assistant public defender, at which time the report of the probation officer was received and a hearing was held on the petition for probation, which hearing resulted in the defendant being admitted to probation for a period of 18 months.

On November 2, 1966, a petition for revocation of defendant's probation was filed and a bench warrant was ordered and issued immediately for his apprehension. On November 7, 1966, the defendant appeared in person in open court with a different attorney selected by him. The petition for revocation of probation was heard and denied but there was added as a condition to the probation the

condition that the defendant was to make restitution of all outstanding checks, pay his attorney's fees and be incarcerated at the Illinois State Penal Farm at Vandalia, Illinois, for a term of 60 days.

On February 23, 1967, the defendant again appeared in open court when a petition for revocation of his probation was filed. At that time the assistant public defender of McLean County was appointed by the court to represent the defendant temporarily and hearing on the petition was set for March 2, 1967. On said later date the defendant appeared in person in open court with different counsel of his own choosing and a hearing was had on the petition to revoke defendant's probation, which resulted in the probation being revoked and the court sentencing the defendant to the Illinois State Penitentiary for a minimum term of 5 years and a maximum term of 10 years.

Subsequently, in May, 1969, the defendant filed in the circuit court of McLean County a motion to file and proceed in *forma pauperis* under the Post-Conviction Hearing Act and filed a petition for hearing under the Act. The petition stated under oath that the counsel who represented the defendant was incompetent and used lies and tricks to induce the defendant to plead guilty. He asserted that his constitutional rights had been violated by this action. He further filed a motion for appointment of counsel and counsel was appointed by the court to represent him in the post-conviction hearing.

The State's Attorney filed a motion to dismiss the petition for post-conviction hearing, asserting that the petition made no allegations of fact or law which would justify a hearing on the matter, but merely verbalized conclusory allegations without form or substance sufficient to define in what manner and in what form any particular constitutional right of the defendant had been violated.

On the hearing on the motion for dismissal of the petition for post-conviction hearing, the defendant was present

in open court along with his court-appointed counsel. However, the defendant was not called to testify, although his counsel stated "if a hearing were held the only basis of the hearing on this Petition, as I understand it from conferring with Mr. Weakley and from correspondence with him, would be the fact that the plea of guilty was coerced and that he was represented by incompetent counsel and that the counsel at the time of the plea induced him into entering a plea of guilty, and this would be the sole basis of the Petition at this time".

We have reviewed carefully the record of the proceedings concerning the entry of the plea of guilty and, while we find that the court carefully explained to the defendant that he was entitled to a jury trial and interrogated the defendant as to whether or not any promises or threats had been made to him which prompted him to change his plea of not guilty to guilty and that the trial judge before accepting the plea of guilty most carefully questioned the defendant as to whether or not he was entering the plea of his own free will and accord, nowhere does it appear that the court advised him of the consequences of his plea of guilty and what the maximum punishment could be.

In the case of *People* v. *Ballheimer,* 37 Ill.2d 24, we held that section 115—2(a)(2) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, ch. 38, par. 115—2(a)(2)) provided that a plea of guilty would be accepted only when "the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

In the case of *People* v. *Evans,* 37 Ill.2d 27, we held that if the admonishment by the trial court was improper the law of waiver would be inapplicable since the defendant could not have knowingly and intelligently waived his constitutional rights.

We believe that section 115—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 115—2), which

provides that before or during trial a plea of guilty may be accepted when (1) the defendant enters a plea of guilty in open court, and (2) the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea, requires that the court shall explain to the defendant the maximum penalty provided by law and that he cannot rely upon this being stated to the defendant by defendant's counsel, whether appointed or selected by the defendant.

In the case at bar, while the record shows great concern by the court for the rights of the accused, it does not show that the court advised the defendant as to the maximum penalty provided by law which may be imposed upon acceptance of the plea of guilty. We therefore hold that the defendant is entitled to withdraw the plea of guilty, including the waiver of a jury, and to have a trial under the charges of the indictment.

It is unnecessary for us to consider the charge made by the defendant as to the incompetence of his counsel since this will not be relevant in the trial under the original indictment. The dismissal order is reversed and the cause is remanded for proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. Chief Justice Underwood, dissenting:

The court has set aside the judgment of conviction and ordered a new trial on a basis which I find neither legally nor logically justifiable. It does so because the trial judge did not personally explain to the defendant, at the time his plea of guilty was entered, the minimum and maximum terms of the punishment provided by statute.

The trial judge, did, however, as the court acknowledges, question defendant extensively as to the voluntariness of his plea. In the course of that questioning, and in

defendant's presence, the following inquiry was directed by the court to the public defender then representing defendant:

> "The Court: And you have explained to him the question of the penalty involved, have you?
>
> [Public Defender]: I have, Your Honor."

I agree that this admonition is not in compliance with the statutory requirements, and that a trial judge ought not to rely on the presumed accuracy and adequacy of an attorney's out-of-court explanation to his client of the penalty for the offense to which the client is pleading guilty. I do not agree that the technical inadequacy of that admonition necessitates a new trial in the circumstances of this case.

The plea of guilty was entered on June 3, 1966, and defendant was subsequently admitted to probation. Five months later a petition to revoke probation was filed as a result of which a 60-day sentence was imposed as a condition of continued probation. Three months thereafter a second petition to revoke was filed, probation was revoked and defendant sentenced to the penitentiary.

It was not until more than two years later (nearly three years after his plea) that defendant for the first time makes any allegation which could possibly be construed as indicating any lack of understanding. That is the allegation in his post-conviction petition that he had incompetent counsel "which took measures which he was unconscious of there [sic] meaning by using lies and also using trickishs way to get petitioner and defendant to plea [sic] guilty." That petition was dismissed without an evidentiary hearing.

My colleagues apparently feel compelled to order a new trial because of the inadequacy of the original admonition by the trial judge, although this point was never directly mentioned in the post-conviction petition nor in the trial court argument on the motion to dismiss that petition. But it seems to me the basic question is not whether the trial

judge followed a prescribed ritualistic formula; the question is whether defendant understood the penalties provided by law. The trial judge asked defendant's counsel in defendant's presence whether counsel had explained the possible penalties to defendant. Counsel said he had and the trial judge chose to rely on that explanation. Concededly, the trial judge should not have done so. But it does not seem to me that this necessitates vacation of the plea and judgment unless defendant was in fact misled. Up to this point there is not even a claim, let alone proof, by defendant that he did not know the penalty, and was misled by the absence of an admonition by the judge.

It is difficult for me to believe that defendant would wait for more than two years to complain of imprisonment if there were actually "lies" and "tricks" employed by his attorney to induce him to plead guilty. It is even more difficult for me to believe that an attorney would deliberately misrepresent to a judge his explanation to defendant. But certainly there is no justification, in my mind, for ordering a new trial with no proof whatsoever that something of this nature occurred.

The point which my colleagues seize upon as a basis for reversal was never brought to the attention of the trial court in the post-conviction proceedings, and no real argument on it is made here. The only allegation in the post-conviction petition which could possibly be thought to bear upon this is the statement that petitioner's counsel used "lies" and "trickish ways" to induce petitioner's plea. Such a petition is, in my judgment, totally insufficient to enable a court to make an intelligent determination as to whether an evidentiary hearing is necessary. (*People* v. *Ashley,* 34 Ill.2d 402.) As we pointed out in *People* v. *Slaughter,* 39 Ill.2d 278, it was the duty of counsel here to confer with petitioner and then amend the *pro se* petition to adequately inform the court of the specific bases upon which petitioner sought relief. And those bases should be factual al-

legations sufficiently specific to sustain a prosecution for perjury if it is proven that they were false and made with knowledge of their falsity.

What this court has actually done is to reverse this conviction and require a trial four years after the plea of guilty and at a time when a trial is quite likely a practical impossibility because of the absence of witnesses or their inability to recall the facts. The court accomplishes this without even a suggestion from petitioner that he did not understand the penalty. This result is apparently deemed necessary solely because the trial judge failed to personally admonish the defendant as to the penalty prescribed by statute, and without inquiry into the only real question: Was defendant misled? This action, in my judgment, is totally unwarranted and is precisely the type of ritualistic formalism which is bogging down our trial courts and over-burdening our own docket. I would affirm, or at most, remand to require what should have been done by defense counsel in the trial court originally—amend the petition to state, in understandably factual form, the basis upon which petitioner seeks relief.