THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN MICHAEL KULL, Defendant-Appellant.

Fourth District   No. 4—87—0832

Opinion filed July 7, 1988.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On September 14, 1987, in the circuit court of Macon County, defendant Steven Michael Kull entered a plea of guilty to the offense of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1) and received a negotiated sentence of 22 years' imprisonment in the Illinois Department of Corrections. On October 13, defendant filed a motion to withdraw his guilty plea, which was denied. Defendant now appeals alleging that he should be allowed to withdraw his guilty plea because he was not admonished, prior to his plea, concerning the period of mandatory supervised release, and his plea was not voluntary.

In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, our supreme court determined that compliance with Supreme Court Rule 402(a) (107 Ill. 2d R. 402(a)), which sets forth the admonishments required to be given to a defendant when he enters a guilty plea, required that a defendant be admonished that the mandatory period of parole (now mandatory supervised release) is part of the sentence that will be imposed. The court further held that failure to so admonish is a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made. *Wills*, 61 Ill. 2d at 111, 330 N.E.2d at 508.

Defendant correctly notes that at no time did he receive this admonishment. He, therefore, asserts his guilty plea was involuntary, and he should be allowed to withdraw it. We addressed this identical question in *People v. Louderback* (1985), 137 Ill. App. 3d 432, 484

N.E.2d 503. There we stated:

> "An accused cannot be said to have intelligently and voluntarily entered his plea of guilty, where no mention was made, at the time he entered his plea, that he would also be subject to a term of mandatory supervised release.
>
> The supreme court has held that substantial compliance existed where the record clearly showed that defendant understood that the indeterminate sentence imposed, together with the mandatory parole period, were substantially less than the maximum to which defendant knew he could be sentenced. (*People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696.) Here, under the terms of the plea agreement, defendant was informed that he could not be sentenced to 'any more than four years' imprisonment. Defendant subsequently received the four-year term of imprisonment plus the two-year term of mandatory supervised release. Thus, defendant cannot be said to have been informed of his entire sentence in substantial compliance with Rule 402." (*Louderback*, 137 Ill. App. 3d at 436, 484 N.E.2d at 505.)

In the present case, defendant agreed to the 22-year sentence, but, in fact, received a 22-year imprisonment plus the 3-year mandatory supervised release he was not admonished about. It is evident that *Louderback* is controlling, and error has occurred.

■ The State concurs in this analysis and concedes that error occurred. However, the State notes defendant did not include this argument in his motion to withdraw his plea. It points out that Rule 604(d) (107 Ill. 2d R. 604(d)) provides that any issue not contained in the motion to withdraw the plea is deemed waived. Accordingly, the State asserts this issue should be considered waived. Thus, the disposition of this matter turns upon application of the waiver doctrine. If the issue is waived, then there is no reversible error, but if it is not, then we must reverse.

In *People v. Evans* (1967), 37 Ill. 2d 27, 224 N.E.2d 778, defendant filed a petition for post-conviction relief alleging he was not properly admonished prior to entering his guilty plea. The State argued any error on the admonishment was waived by defendant's voluntary plea of guilty. While the court acknowledged this is the accepted general rule, it went on to state:

> "[W]e do not think that this is an appropriate ground for dismissal of the petition herein. For if, as defendant alleges in his petition, the admonishment by the trial court was improper, the law of waiver would be inapplicable since defendant could not

have 'knowingly' and 'intelligently' waived his constitutional rights." *Evans*, 37 Ill. 2d at 32, 224 N.E.2d at 781.

In *People v. Weakley* (1970), 45 Ill. 2d 549, 259 N.E.2d 802, the supreme court again addressed, in a post-conviction petition, an allegation of a defective admonishment. It is unclear on what grounds the State urged application of the waiver doctrine, but the court reaffirmed its *Evans* holding that the law of waiver is inapplicable in the case of an improper admonishment. *Weakley*, 45 Ill. 2d at 552, 259 N.E.2d at 804.

In *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 470 N.E.2d 1210, this court had an opportunity to apply those cases to a factual situation similar to the one now before us. In that case, defendant pleaded guilty and then filed to withdraw his plea, which was denied. On appeal, he alleged the admonishment under Rule 402, at his plea, was defective. The State argued, similarly to the present case, that defendant waived this issue by not including it in his motion to withdraw his plea. This court found application of the waiver doctrine inappropriate for several reasons. Among them were the holdings in *Evans* and *Weakley*, which this court applied to facts before it.

The State relies on *People v. Adkisson* (1980), 83 Ill. 2d 1, 413 N.E.2d 1238. There, defendant had pleaded guilty to attempt (murder), but then appealed alleging the court improperly admonished him concerning the requisite intent for the offense. Defendant was improperly advised that not only would an intent to kill support a conviction, but also an intent to do great bodily harm would. The court found the waiver doctrine of Rule 604 applied and that the error was not so egregious as to invoke the plain error rule of Rule 615(a) (107 Ill. 2d R. 615(a)). We find that case is distinguishable from *Evans* and *Weakley*, and the present case. In *Adkisson*, the error in the admonishment was in the inclusion of the second intent for the offense. The admonishment did include the proper intent and was correct in all other respects. Thus, there was substantial compliance with Rule 402, which is all that is required (*People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559), and application of the waiver doctrine was proper. However, in *Weakley* and the present case, the error was a total absence of one of the items upon which a defendant is required to be admonished. Clearly then, there has not been even substantial compliance. This difference in the circumstances is sufficient to preclude *Adkisson* from having an impact on the present case.

Even if we were to somehow construe *Adkisson* as implicitly overruling *Evans* and *Weakley* and allowing the application of the waiver rule, we find that in this case, Rule 615(a) (107 Ill. 2d R. 615(a)) would

allow us to address this error. Rule 615(a) allows us to consider plain errors affecting substantial rights even if they have not been properly preserved. The failure to give the admonishment is obvious. Substantial rights are affected when a defendant agrees to a sentence of 22 years, but actually, unknowingly, receives a penalty involving 25 years. See *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180.

The only other case cited by the State is *People v. McKean* (1981), 94 Ill. App. 3d 502, 418 N.E.2d 1130, where the court applied the waiver doctrine to defendant's argument that his plea was involuntary. However, that case is inapposite to the current one because it did not involve a defective admonishment, but was based on defendant's circumstances at the time of the plea.

We believe the *Sutherland* case properly applies the holdings of *Evans* and *Weakley* to a Rule 604 situation. Accordingly, we hold that under the facts of this case, the waiver doctrine is not applicable to the court's failing to admonish defendant concerning the period of mandatory supervised release. Thus, pursuant to *Louderback*, we reverse the trial court's denial of defendant's motion to withdraw his guilty plea.

Due to our resolution of this issue, we need not address the second alleged error.

Reversed and remanded.

KNECHT and SPITZ, JJ., concur.